# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CLAUDE GRANT, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN GOVERNMENT OF )<br>NASHVILLE AND DAVIDSON COUNTY, )<br>TENNESSEE, )<br>)<br>Defendant. ) | NO.<br><br><br><br><br>CLASS ACTION COMPLAINT<br><br>JURY DEMAND |

## CLASS ACTION COMPLAINT

Comes Plaintiff, individually and on behalf of all others similarly situated, and for his Class Action Complaint against Defendant, states the following:

### I. NATURE OF COMPLAINT

1. This action is brought by Plaintiff against Defendant Metropolitan Government of Nashville and Davidson County, Tennessee, (hereinafter "Defendant" or "Metro") which operates Metro Water Services (hereinafter referred to as "Defendant" or "MWS"). Plaintiff brings this action on behalf of himself and other similarly situated persons to redress Defendant's continuing systemic racial discrimination in employment through discriminatory terms and conditions of employment, as well as the existence and perpetuation of a racially hostile work environment, at MWS.

2. Plaintiff also brings suit individually for retaliation against him by Defendant after Plaintiff engaged in protected activity by complaining and opposing Defendant's discriminatory practices, including protests about discriminatory activities at MWS, the filing of EEOC charges,

and/or the filing, participation, and prosecution of the cases of *Grant, et al. v. Metropolitan Government of Nashville and Davidson County, Tennessee*, Docket No. 3-04-0630, in the United States District Court for the Middle District of Tennessee ("*Grant I* case"), in which Plaintiff brought claims in both his individual capacity and as the representative plaintiff of the certified class of former and current black employees of MWS since January 1, 2000, and *Grant v. Metropolitan Government of Nashville and Davidson County, Tennessee*, Docket No. Docket No. 3:16-cv-0174, in the United States District Court for the Middle District of Tennessee ("*Grant II* case"), in which Plaintiff brought claims in both his individual capacity and as the representative plaintiff of the a putative class of former and current black employees of MWS, as well as an individual claim for retaliation.

3. Defendant has discriminated and continues to discriminate against its black employees by imposing and maintaining unequal terms and conditions of employment including, but not limited to, subjecting black employees to racially disparate forms of pay, promotion, job assignments, supervision, discipline and accommodations.

4. Defendant has also discriminated and continues to discriminate against its black employees by tolerating and/or promoting racist attitudes of employees and management. Defendant requires and/or allows black employees to work in a racially hostile environment.

5. Defendant also retaliates against those individuals, such as Plaintiff, who protest or oppose Defendant's discriminatory practices, including those who file charges of discrimination, claims or lawsuits against Defendant based on race discrimination.

6. In Count One, Plaintiff, on behalf of himself and the class of current, former, and future black employees of MWS during the liability period (the "Employee class"), seeks a

declaratory judgment that Defendant has engaged in a systemic pattern and practice of racial discrimination in post-hiring employment opportunities and that such conduct is unlawful under Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. § 2000e *et seq*.

7. Also in Count One, Plaintiff, on behalf of himself and the Employee class, seeks a permanent injunction and other equitable relief necessary to undo the effects of Defendant's past racial discrimination and to prevent such discrimination from continuing to affect adversely the lives and careers of black employees in the future, including, but not limited to, affirmative restructuring of Defendant's policies, practices and procedures, training and other terms and conditions of employment at MWS, as well as reimbursement of costs and expenses incurred in prosecuting this action, and attorney's fees. Plaintiff further seeks other incidental monetary and non-monetary remedies necessary to make Plaintiff and members of the Employee class whole.

8. In Count Two, Plaintiff, on behalf of himself and the Employee class, seeks back pay, front pay, and compensatory damages, as well as reimbursement of attorney's' fees and costs incurred in prosecuting this action, and other incidental monetary and non-monetary remedies necessary to make himself and members of the Employee class whole, pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. § 2000e *et seq.*.

9. In Count Three, Plaintiff asserts an individual claim for retaliation under Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991, 42 U.S.C. § 2000e et seq.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4); 28 U.S.C. §§2201 & 2202; 42 U.S.C. §1981 and Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 2000e.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)&(c) and 42 U.S.C. § 2000e-

5(f)(3) because Defendant is doing business in the state of Tennessee, and a substantial portion of the unlawful practices described herein occurred in the state of Tennessee and in this District.

### III. CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

12. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Specifically, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 10, 2017, and within 300 days of the last discriminatory act. Plaintiff's Charge of Discrimination includes class-wide allegations of discrimination.

13. Plaintiff has filed suit within ninety (90) days of receipt of his notice of right-to-sue letter dated April 19, 2018, from the U.S. Department of Justice, Civil Rights Division.

### IV. PARTIES

14. Plaintiff is an African-American resident and citizen of Nashville, Davidson County, Tennessee. Plaintiff is representative of the Employee class.

15. Defendant is a governmental entity with its principal place of business in Nashville, Davidson County, Tennessee. Defendant operates MWS as a governmental department.

16. Defendant's MWS department regularly employees more than 500 individuals.

17. Defendant Metro maintains actual control, oversight and direction of MWS, including its employment practices.

### V. CLASS ALLEGATIONS

**A. CLASS DEFINITIONS**

18. Plaintiff sues on behalf of himself and all others persons similarly situated pursuant to Rule 23(a) and Rule 23(b)(2) and/or Rule 23(c)(4) of the Federal Rules of Civil Procedure within

Count One of this Complaint. Plaintiff also sues on behalf of himself and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and Rule 23(b)(3), within Count Two of this Complaint.

19. Plaintiff is a member of the Employee class that he seeks to represent, which consists of all black employees who are or were employed by the Defendant at MWS, and have been subject to one or more aspects of the systemic racial discrimination described in Counts One and Two of this Complaint. The aspects of Defendant's systematic racial discrimination described in Counts One and Two include Defendant's: 1) unequal terms and conditions of employment, and 2) racially hostile work conditions.

### B. NUMEROSITY AND IMPRACTICABILITY OF JOINDER

20. The Employee class is so numerous that it is impracticable to bring all of its members before the Court. During the relevant time period, Defendant regularly employed more than 500 employees at MWS, well of 100 at any given time who were/are black. The actual number of Employee class members who have been or are currently employed by Defendant during the relevant liability period, as well as their race and color, can be determined from Defendant's records.

### C. COMMON QUESTIONS OF LAW AND FACT

21. The prosecution of Plaintiff's claims requires adjudication of a question of law common to the putative Employee class: whether Defendant has engaged in systemic racial discrimination in the terms and conditions of its employment and the creation of a racially hostile work environment in a manner made unlawful by the statutes under which this action is brought.

22. The claims of Plaintiff and of the Employee class members are embedded in common questions of law and fact because Defendant has: 1) deprived Plaintiff and Employee class members

5

the opportunity to work in an integrated environment in which black employees hold management or supervisory positions, particularly those at a higher level; 2) subjected Plaintiff and Employee class members to a racially hostile work environment; and 3) subjected Plaintiff and Employee class members to discriminatory terms and conditions of employment, including racially disparate supervision and discipline.

### D. TYPICALITY

23. Plaintiff's claims are typical of the claims of Employee class members. Plaintiff and Employee class members have been and are similarly adversely affected by the systemic discriminatory practices complained of herein. Specifically, Plaintiff's claims, like those of Employee class members, arise out of the Defendant's pervasive discriminatory conduct with regard to the terms and conditions of employment and racially hostile working conditions. Like the members of the Employee class, Plaintiff's continued employment by Defendant has been obstructed and hindered by systemic discrimination and such practices. Also, like the members of the Employee class, Plaintiff has experienced harassment and retaliation because of his race.

### E. ADEQUACY OF REPRESENTATION

24. Plaintiff will fairly and adequately protect the interests of the Employee class insofar as they are broadly representative, as reflected in the preceding paragraphs. Plaintiff's interests are coextensive with those of Employee class members in that each would benefit from imposition of a remedy for Defendant's discriminatory employment practices and from elimination of a racially hostile work environment. Plaintiff is willing and able to represent the class fairly and vigorously as he pursues their common goals through this civil action. Plaintiff has also retained legal counsel experienced in litigating major class actions in the field of employment law, and who are prepared

and able to meet the time and fiscal demands of class action litigation of this size and complexity. The combined interest, experience, and resources of Plaintiff and his counsel to litigate competently the Employee class claims satisfy the requirement of Fed. R. Civ. P. 23(a)(4).

**F.     CERTIFICATION IS SOUGHT PURSUANT TO FED. R. CIV. P. 23(b)(2) 23(b)(3), and/or 23(c)(4)**

25.     Defendant has acted on grounds generally applicable to the Employee class by adopting and following systemic policies, practices, and procedures which are racially discriminatory. Racial discrimination by Defendant is not a sporadic occurrence, but is its standard operating procedure. Defendant has refused to adopt or follow employment policies, practices, and procedures which do not have disparate impact or otherwise systematically discriminate against the Employee class, to establish and maintain a workplace which is not hostile to the Employee class, to establish and maintain a work place in which employees who complain or make charges or race discrimination are not retaliated against, and to provide terms and conditions of employment to the Employee class equal to those which Defendant affords white employees. Defendant's systemic discrimination, and its refusal to act on grounds that are not racially discriminatory, has made appropriate final injunctive relief and corresponding declaratory relief with respect to the Employee class as a whole.

26.     The relief necessary to remedy Plaintiff's claims is the same as that necessary for the whole Employee class. Plaintiff seeks the following relief for his claims and for the claims of the Employee class: 1) a declaratory judgment that Defendant has engaged in systemic racial discrimination in (a) imposing upon black employees unequal terms of employment, (b) creating, maintaining, and fostering racially hostile work conditions;  2) a permanent injunction against such

continuing discrimination; 3) restructuring of Defendant's policies, practices and procedures so that black employees are given fair opportunities in the terms and conditions of employment; and 4) back pay, front pay, and compensatory damages (Count Two).

27. Injunctive and declaratory relief are the predominant forms of relief sought because they are both the culmination of proof of Defendant's individual and class-wide liability at the end of Stage I of a bifurcated trial, and the essential predicate for Plaintiff's and the Employee class members' entitlement to incidental monetary and non-monetary remedies at Stage II of such a trial. Injunctive and declaratory relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic racial discrimination against the Employee class. Such relief is the factual and legal predicate for Plaintiff's and the Employee class members' entitlement to monetary and non-monetary remedies for individual losses caused by such systemic discrimination.

28. Under Fed. R. Civ. P. 23(c)(4), an action may be brought or maintained as a class action with respect to particular issues. Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23(c)(4) on the following issues: 1) whether Plaintiff and the Employee class he seeks to represent have been subjected to systemic racial discrimination including, but not limited to, a pattern and practice of intentional discrimination and a policy or practice having an unlawful, disparate impact on their employment opportunities, creating unequal terms and conditions of employment and a racially hostile working environment; 2) whether Defendant has subjected its employees to racially unequal terms and conditions of employment, such as relegating black employees to the least desired and lowest paid positions; 3) whether Defendant has continuously engaged in, condoned and ratified harassing conduct resulting in racially hostile work conditions by its white employees; and 4)

8

whether Defendant's practices, including the Defendant's harassing and discriminatory conduct described herein, constitute a continuing violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

## VI. FACTS SUPPORTING ALLEGATIONS OF SYSTEMIC RACIAL DISCRIMINATION

29. Plaintiff has been employed at Metro Water since 1973. In approximately February 1973, Plaintiff was hired to work at MWS as a Utility Plant Helper ("UPH"). Plaintiff is currently an Administrative Services Manager (SR 13).

30. Plaintiff filed his first Charge of Discrimination with the EEOC on October 17, 2003, and after receiving his notice of right to sue letter, filed the *Grant I* case, along with eight (8) other black employees of MWS. The case was certified as a class action under Fed. R. Civ. P. 23, and Plaintiff was appointed by the Court as a class representative. The case was litigated over the course of almost fourteen (14) years, including a prolonged trial and multiple appeals. *Grant I* was ultimately settled and the case was dismissed on March 27, 2018.

31. Plaintiff filed his second Charge of Discrimination with the EEOC on December 12, 2014, and after receiving his notice of right to sue letter, filed the *Grant II* case. The *Grant II* case is currently on appeal to the Sixth Circuit Court of Appeals.

32. Throughout his career, and particularly after the filing of the first and second EEOC charges, and after the filing and prosecution of the *Grant I* and *Grant II* cases, MWS has discriminated against Plaintiff in job selection, placement, advancement and promotional opportunities. Plaintiff has been denied numerous promotional and placement opportunities in the past leading to the present.

33. Throughout his career, and particularly after the filing of his EEOC charge in 2003, the filing of the *Grant I* case in 2004, the filing of his second EEOC charge in 2014, and the filing of the *Grant II* case in 2016, Plaintiff has been the victim of Defendant's discriminatory "preselection practice," in which MWS "preselects" an individual for a position and either places that individual in the position without going through a competitive process, or manipulates the job selection process to ensure that the "preselected" candidates receives the position.

34. MWS manipulates its job selection process to carry out is "preselection" by various means, including but not limited to: a) placing an individual into a position "out of class;" b) altering job requirements to allow the "preselected" individual to qualify for the position or conversely, altering job requirements to improperly disqualify individuals who are truly qualified for the position; c) hand-tailing job requirements; d) engaging in interview processes which give the "preselected" individual an unfair advantage by rigging interview questions, etc.

35. For example, in 2016, Harold Balthrop (white) was moved from the Water Services Assistant Director – System Services position, a position that he held for several years. Balthrop had replaced Wes Frye, who held the position for many years without an engineering degree.

36. After moving Balthrop from the Water Services Assistant Director – System Services position, MWS did not post the position and allow Grant and others to compete for it. Instead, MWS placed Alan Hand (white) in the position "out of class," which as discussed above, is a method frequently used by MWS to place a preselected individual into a position.

37. After Hand worked in the position "out of class" for 2 months or more, MWS posted the position and Grant applied on November 30, 2016. According the qualifications of the posted position, an engineering degree was required or a degree in a related field.

38. Although Grant holds a B.S. degree, a paralegal degree and has vast experience over the past 45 ½ years which makes him highly qualified for the position, he was told that he was not qualified because he did not have an engineering degree. Based on this, he was disqualified and not allowed to compete for the position.

39. Historically, MWS has added non-essential job requirements, such as an engineering degree in this instance, to improperly exclude Grant and others from competing for positions. In fact, MWS did this to Grant previously with another position by improperly requiring an engineering degree. As part of the *Grant I* case, the Court appointed a Special Master, who conducted and analyses and concluded that an engineering degree was not an essential job requirement for the previous position, and that someone without and engineering degree but with equivalent experience (like Grant) was qualified.

40. With respect to the Water Services Assistant Director – System Services position, MWS added the engineering degree requirement because Alan Hand, MWS's preselected candidate, has an engineering degree. MWS did this to improperly exclude Grant and other from competing for the position. Further, by allowing Alan Hand to work in the position "out of class" for 2 months or more, he had an unfair advantage to receive the position.

41. Plaintiff has and continues to be adversely affected by the challenged systemic practice and pattern of discrimination by being deprived of an opportunity to work in an integrated environment in which black employees hold middle and upper level management positions; by being deprived of an opportunity to be promoted into higher levels of management and higher paying positions; and by not being considered for job classifications traditionally held by white employees.

42. Throughout his employment with Defendant, Plaintiff has witnessed black employees

being denied opportunities for promotion and advancement comparable to similarly situated white employees.

43. Throughout his employment with Defendant, white employees have occupied the vast majority of management, supervisory, lead and high-paying jobs.

44. Throughout his employment with Defendant, Plaintiff has witnessed a disproportionate number of white employees in certain divisions, such as System Services, Storm Water and Engineering.

45. Throughout his employment, Defendant has discriminated against Plaintiff in job placement, advancement and promotional opportunities. Plaintiff and other black employees have been advanced and promoted less frequently than similarly situated white employees. Either equally or less qualified white employees have been promoted into positions to which Plaintiff was qualified to receive.

46. Defendant's policies, practices and procedures are discriminatory in nature. The Defendants either intentionally discriminates or alternatively, the Defendant's policy and practice has a disparate impact on black employees.

47. In addition, Plaintiff has been subjected to other acts of retaliation after he and other employees complained and/or protested of race discrimination, filed EEOC charges, and/or filed, participated and prosecuted the *Grant* cases both individually and as the representative plaintiff for the class.

48. As a result of the Defendant's discriminatory actions, Grant has suffered harm.

# COUNT ONE

**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq., AS AMENDED.**

49. Plaintiff restates and incorporates by reference Paragraphs 1 through 48 above as part of this Count of the Complaint.

50. Plaintiff and the Employee class he seeks to represent have been subjected to systemic racial discrimination including, but not limited to, a pattern and practice of intentional discrimination and a policy and practice having an unlawful, disparate impact on their employment opportunities, creating unequal terms and conditions of employment and a racially hostile working environment.

51. Defendant has also subjected its employees to racially unequal terms and conditions of employment, such as relegating black employees to the least desired and lowest paid positions. As a result, all of these practices, including the Defendant's harassing and discriminatory conduct described herein, constitute a continuing violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended.

52. Defendant has also continuously engaged in, condoned and ratified harassing conduct resulting in racially hostile work conditions by its white employees. Common examples of this racial harassment include, *inter alia*, Defendant's: (1) condoning unequal treatment of black employees by white supervisors and managers; (2) disciplining and taking other actions against black employees for alleged conduct for which the Defendant does not discipline or take as harsh action against white employees; 3) allowing the use of racially derogatory language and/or racially derogatory writings or symbols to exist on the premises of MWS. Examples include use of the "n" word, racially charged graffiti and Confederate flags.

53. All of these practices, including the Defendant's harassing and discriminatory conduct described herein, constitute a continuing violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended. The Defendant has have acted with the purpose of, *inter alia*, preventing Plaintiff and the Employee class members from making and enforcing contracts on an equal basis with white citizens.

54. Plaintiffs and the Employee class members have no plain, adequate or complete remedy of law to redress the wrongs alleged herein in this suit for an injunction. A declaratory judgment is their only means of securing adequate equitable relief. Plaintiff and the Employee class members are now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

55. By reason of the Defendant's discriminatory employment practices, Plaintiff and the Employee class members have experienced extreme harm, including loss of compensation, wages, back pay and front pay, and other employment benefits.

## COUNT TWO

**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, <u>et seq.</u>, AS AMENDED.**

56. The Plaintiff restates and incorporates by reference Paragraphs 1 through 48 above as part of this Count of the Complaint.

57. All of the aforementioned practices and conduct by the Defendant constitutes a continuing violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended. Defendant has acted with the purpose of, *inter alia*, preventing Plaintiff and the Employee class members from making and enforcing contracts on an equal basis with white citizens. Defendant

has also acted intentionally and willfully in directing, ordering, overseeing, monitoring, participating in, implementing, approving and/or ratifying the illegal and discriminatory employment practices described herein.

58. By reason of Defendant's discriminatory employment practices, Plaintiff and the Employee class members have experienced extreme harm and are entitled to recover compensatory damages, monetary relief and other relief.

## COUNT THREE

### INDIVIDUAL RETALIATION CLAIM OF PLAINTIFF

59. Plaintiff restates and incorporates by reference Paragraphs 1 through 48 above as part of this Count of the Complaint.

60. Plaintiff vocally raised complaints and issues regarding race discrimination in the workplace, as well as other black employees. Plaintiff has also engaged in protected activities, including but not limited to the filing of EEOC charges, and the filing, participation and prosecution of a federal discrimination class action lawsuit, in both Plaintiff's individual capacity as well as the representative plaintiff of the certified class in *Grant* case, as well as the *Grant II* case.

61. Defendant has retaliated against Plaintiff by subjecting him to harassment, embarrassment, humiliation, indignity, ostracism and other action which substantially interfered with the terms and conditions of his employment after he engaged in protected activity by opposing the illegal policies and practices described in this Complaint, and/or the exercise of his federally-protected rights.

62. As a result of Defendant's retaliation, Plaintiff has suffered harm in the form of adverse employment action, as well as mental and emotional injuries.

63. By reason of the Defendant's illegal retaliation, Plaintiff is entitled to all legal and equitable remedies available under Title VII, including, but not limited to, declaratory and injunctive relief, back pay, front pay, recoupment of lost benefits and seniority, and compensatory damages for physical injury and mental and emotional anguish, and punitive damages.

## **PRAYER FOR RELIEF**

64. Wherefore, Plaintiff, on behalf of himself and the class members whom he seeks to represent, requests the following relief:

    a. Acceptance of jurisdiction of this cause;

    b. Certification of the case as a class action maintainable under Federal Rules of Civil Procedure Rule 23(a), 23(b)(2) and/or 23(c)(4), on behalf of the proposed Employee class, and designation of Plaintiff as representative of the Employee class and his counsel of record as class counsel;

    c. A declaratory judgment that Defendant's employment practices challenged herein are illegal and in violation of Title VII;

    d. A preliminary and permanent injunction against Defendant and its partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in any further unlawful practices, policies, customs, usages and racial discrimination by Defendant as set forth herein;

    e. An Order requiring the Defendant to initiate and implement programs that: (i) remedy the effect of Defendant's past and present unlawful employment practices; and (ii) eliminate the continuing effects of the discriminatory practices described above;

    f. An Order requiring Defendant to initiate and implement systems of placing,

assigning, training, evaluating, transferring, compensating, promoting, and disciplining black employees in a non-discriminatory manner;

      g.      An Order establishing a task force on equality and fairness to determine the effectiveness of the programs described in (e) and (f), above, which would provide for (i) the monitoring, reporting, and retaining of jurisdiction to ensure equal employment opportunity, (ii) the assurance that injunctive relief is properly implemented, and (iii) a quarterly report setting forth information relevant to the determination of the effectiveness of the programs described in (e) and (f), above;

      h.      An Order restoring Plaintiff and the class he seeks to represent, to those jobs they would now be occupying but for Defendant's discriminatory practices;

      i.      An Order directing Defendant to adjust the wage rates and benefits for Plaintiff and the class he seeks to represent to the level that they would be enjoying but for Defendant's discriminatory practices;

      j.      An award of back pay; front pay; lost benefits; preferential rights to jobs; lost compensation; and job benefits for Plaintiff and the class he seeks to represent; specifically, an award of back pay, front pay, and other monetary relief;

      k.      An award of compensatory damages (and punitive damages for Plaintiff's retaliation claim) against Defendant in an amount to be determined at trial;

      l.      An award of litigation costs and expenses, including reasonable attorney's fees, to Plaintiff and members of the class;

      m.      Prejudgment interest;

      n.      That a jury try this cause; and

o. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: s/ Martin D. Holmes
Martin D. Holmes, #12122
Fifth Third Center, Suite 800
424 Church Street
Nashville, TN 37219
(615) 244-6538

*Attorneys for Plaintiff*

NASHVILLE 38509-2 563816v1